UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELL C. HOLMES, | No. 2:20-cv-1496 DB P |
| Plaintiff, | |
| v. | ORDER |
| DAVID BAUGHMAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. Plaintiff explains that he has mental health issues, has difficulty understanding the court's orders, and feels that he is not being provided help at the prison.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, this court is unable to determine the likelihood that plaintiff might succeed on the merits of his claims because plaintiff has not yet stated any claims cognizable under 42 U.S.C. § 1983.  At this juncture, the appointment of counsel is premature.

Plaintiff states he does not understand the court's screening order and what is required of him.  The court will attempt to simplify that order here.  This court found that plaintiff was attempting to state claims for deliberate indifference to his serious medical needs.  The problem this court found with plaintiff's allegations is that they did not show that each defendant was deliberately indifferent.  Therefore, in order to state claims against the defendants, plaintiff must describe <u>specifically</u> the following:  (1) how each defendant knew about plaintiff's medical problem; (2) what each defendant did or should have, but did not, do; and (3) how each defendant's actions or inactions caused plaintiff further significant injury or unnecessary pain.  In his amended complaint, plaintiff must describe facts that address each of these three issues.

In recognition of the difficulties plaintiff faces in preparing an amended complaint, this court finds it appropriate to give plaintiff additional time to do so.  Plaintiff's amended complaint was due to be filed December 2, 2020.  This court will give plaintiff an additional 60 days to file.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for the appointment of counsel (ECF No. 10) is denied.

2. On or before February 2, 2021, plaintiff shall file a first amended complaint as described in the court's screening order and herein.  If plaintiff fails to file a timely amended complaint, this court may recommend this action be dismissed.

Dated:  December 16, 2020

DLB:9/DB/prisoner-civil rights/holm1496.31

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

2