UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELL C. HOLMES,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID BAUGHMAN, et al.,<br><br>  Defendants. | No. 2:20-cv-1496 KJM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action. Plaintiff alleges defendants were deliberately indifferent to his medical needs when they required him to use stairs despite having a "no stairs" chrono and he fell injuring his knee. Before the court are plaintiff's request for the appointment of counsel and an investigator and plaintiff's motion for an extension of time to respond to defendants' motions to dismiss.

**MOTION FOR EXTENSION OF TIME**

On December 10, 2021, defendants filed motions to dismiss plaintiff's first amended complaint on the ground that this action is untimely. (ECF Nos. 35, 38.) Plaintiff seeks an extension of time to file a response. (ECF No. 44.) In his motion, as explained in more detail below, plaintiff provides a plausible basis to assert that he is entitled to equitable tolling of the statute of limitations. Equitable tolling is typically a "fact-intensive" inquiry that "is more appropriately [considered] at the summary judgment or trial stage of litigation." Cervantes v.

1

1   City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993) (citations omitted).  Therefore, this court
2   will dismiss the motions to dismiss without prejudice to their renewal as motions for summary
3   judgment.

## EQUITABLE TOLLING

5   The statute of limitations for civil rights actions under 42 U.S.C. § 1983 is subject to
6   equitable tolling.  In his motion for an extension of time, plaintiff makes allegations which, if
7   proved, could establish that he is entitled to equitable tolling.

**I. Legal Standards for Equitable Tolling**

9   Equitable tolling of a statute of limitations may suspend or extend the limitations period.
10  McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 99 (2008).  "The equitable
11  tolling of statutes of limitations is a judicially created, nonstatutory doctrine.  It is designed to
12  prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the
13  statute of limitations – timely notice to the defendant of the plaintiff's claims – has been
14  satisfied."  Id. (citations and internal quotation marks omitted).  The federal court looks to
15  California law for the statute of limitations in a § 1983 case.  Pouncil v. Tilton, 704 F.3d 568, 573
16  (9th Cir. 2012).  California law also applies to questions of equitable tolling.  Jones v. Blanas, 393
17  F.3d 918, 927 (9th Cir. 2004); Azer v. Connell, 306 F.3d 930, 935-36 (9th Cir. 2002).

18  "Under California law, a plaintiff must meet three conditions to equitably toll a statute of
19  limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be
20  prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct
21  must have been reasonable and in good faith.'"  Fink v. Shedler, 192 F.3d 911, 916 (9th Cir.
22  1999) (quoting Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988)); see also
23  Addison v. State of California, 21 Cal. 3d 313, 319 (1978).  "California courts apply equitable
24  tolling 'to prevent the unjust technical forfeiture of causes of action, where the defendant would
25  suffer no prejudice.'"  Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363,
26  370 (2003)).  "Application of California's equitable tolling doctrine 'requires a balancing of the
27  injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important
28  ////

public interest or policy expressed by the...limitations statute.'" Id. (quoting Lantzy, 31 Cal. 4th at 371).

## II. Plaintiff's Showing

Plaintiff points to three issues that may, if proved, demonstrate he is entitled to equitable tolling: his loss of legal materials, his mental health problems, and prison limitations on library access due to the Covid-19 pandemic. (ECF No. 41, 44.) While this court renders no opinion on equitable tolling issues at this time, it recognizes that it is possible each of these issues could, in certain circumstances, justify equitable tolling.

Courts have held that a loss of legal property might be grounds for equitable tolling. See Mitchell v. Snowden, 700 F. App'x 719, 720 (9th Cir. 2017) (remanding to the district court for consideration of plaintiff's claim that multiple prison transfers justify equitable tolling). On remand, the district court in Mitchell found that plaintiff's multiple prison transfers which resulted in the repeated deprivation of his legal property justified equitable tolling. Mitchell v. Snowden, No. 2:15-cv-1167 TLN AC P, 2019 WL 2285324, at *2 (E.D. Cal. May 29, 2019), rep. and reco. adopted, 2019 WL 11553745 (E.D. Cal. Aug. 13, 2019).

With respect to mental incapacity, California law specifies that equitable tolling may be appropriate during the time the party "lacked the legal capacity to make decisions." Cal. Code Civ. Proc. § 352(a). The fact that a plaintiff was mentally impaired is not, by itself, sufficient to warrant tolling. Lang v. Sacramento Sheriff Dep't, No. 2:14-cv-0777 EFB P, 2017 WL 1093838, at *2 (E.D. Cal. Mar. 23, 2017). Rather, the provision only applies where the individual is "incapable of caring for [his] property or transacting business or understanding the nature or effects of [his] acts." Estate of Stern v. Tuscan Retreat, Inc., 725 F. App'x 518, 521 (9th Cir. 2018) (citation omitted). This lack of legal capacity must have been present at the time the plaintiff's claim accrued. Cal. Code Civ. Proc. § 354(a). "A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

Finally, shutdowns that prevented library access due to the Covid-19 pandemic might amount to a basis for equitable tolling. Cf. Griffin v. Gorman, No. 17-cv-3019-MSK-KMT, 2019

1  WL 4464021, at *7 (D. Colo. Sept. 18, 2019) (to support an argument for equitable tolling, the

2  plaintiff must show "the frequency or length of the lockdowns and how this circumstance might

3  excuse his tardiness"); <u>Shotwell v. Avila</u>, No. C 15-2894 WHA (PR), 2019 WL 13129073, at *5

4  (N.D. Cal. Dec. 5, 2019) (plaintiff must show how any lockdowns or mental health issues made

5  him unable to file a claim and how long they did so), <u>rev'd in part on other grounds</u>, 2021 WL

6  3579543 (9th Cir. Aug. 13, 2021).  To establish equitable tolling bases on a lack of library access,

7  a plaintiff must show why he required library access and how long he was unable to gain access.

8  He must also show that he diligently tried to obtain necessary access and the information he

9  required during the time of the lockdown.

### III. Conversion to Summary Judgment Motions

Plaintiff has made a plausible showing that he may be able to prove he is entitled to equitable tolling of the statute of limitations.  To be clear, by finding that plaintiff has shown he <u>might</u> be entitled to equitable tolling, this court is not making any findings or conclusions that plaintiff has made any such showing or that he is entitled to equitable tolling.

Because equitable tolling is a fact-specific question, it must be resolved in a motion for summary judgment.  See <u>Cervantes</u>, 5 F.3d at 1276.  This court will dismiss the motions to dismiss without prejudice to their renewal as motions for summary judgment.

### MOTION FOR APPOINTMENT OF COUNSEL AND INVESTIGATOR

Plaintiff seeks appointment of counsel because he has mental health issues and problems dealing with stress.  Primarily, plaintiff complains of the mental health care and other treatment at California State Prison, Los Angeles County, where he is currently incarcerated.

At this point, plaintiff has not shown exceptional circumstances justifying the appointment of counsel.  Plaintiff has been able to state his claims with sufficient clarity and, as described above, he has addressed defendants' motions to dismiss by alleging that he may be able to show he is entitled to equitable tolling.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Plaintiff's request for the appointment of counsel will be denied without prejudice to its renewal at a later date.  To the

////

extent plaintiff seeks to raise claims about his medical care at California State Prison, Los Angeles County, those issues are not included in the present suit and will not be considered here.

Plaintiff also appears to seek the appointment of an investigator. This court is not aware of any authority permitting it to provide plaintiff an investigator. See Murphy v. Rodriguez, No. 1:19-cv-0206 DAD EPG PC, 2020 WL 3868470, at *1 (E.D. Cal. July 9, 2020); Georgacarakos v. Wiley, No. 07-cv-1712-MSK-MEH, 2009 WL 440934, at *7 (D. Colo. Feb. 23, 2009) (in forma pauperis statute does not provide for the appointment of investigators). To the extent plaintiff is requesting an investigator, that request is denied.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motions to dismiss (ECF Nos. 35, 38) are dismissed without prejudice to their renewal as motions for summary judgment. Within thirty days of the filed date of this order, defendants shall either file the motions for summary judgment or seek an extension of time to do so.

2. Plaintiff's motion for an extension of time (ECF No. 44) is denied as moot.

3. Plaintiff's motion for the appointment of counsel (ECF No. 41) is denied without prejudice to its renewal at a later date.

Dated: January 31, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/holm1496.31(2)