UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELL C. HOLMES, | No. 2:20-cv-1496 KJM DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DAVID BAUGHMAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his medical needs when they required him to use stairs despite having a "no stairs" chrono and he fell injuring his knee. In December 2021, defendants filed motions to dismiss the first amended complaint as untimely. (ECF Nos. 35, 38.) On February 1, 2022, this court found plaintiff stated plausible claims for equitable tolling of the statute of limitations. Because those issues may require presentation of facts beyond those alleged in the first amended complaint, this court dismissed defendants' motions to dismiss without prejudice to their renewal as motions for summary judgment. (ECF No. 46.)

Defendants have now answered the first amended complaint. In addition, in response to this court's March 2 order, defendants state that they do not feel a settlement conference is warranted. (ECF Nos. 55, 57.) Plaintiff appears to agree. (ECF No. 60 at 3.) Accordingly, this

////

1

court will not schedule a settlement conference at this time and will, by separate order, set a schedule for discovery and pretrial motions.

Pending before the court are plaintiff's motion for the appointment of counsel and request for a mental health interview.[1] For the reasons set forth below, this court denies plaintiff's motion for counsel and recommends plaintiff's request for a mental health interview be denied.

In his motion for the appointment of counsel, plaintiff states that he is not being adequately treated for his mental health issues and does not feel he can manage a trial without counsel. (ECF No. 60.) In this document, plaintiff raises several other issues. First, he reiterates the arguments raised in his motions to quash and for a protective order. Second, he complains that CDCR no longer includes him in its mental health program because plaintiff has refused to continue to take the high doses of medications that he feels had life-threatening side effects. Plaintiff states that he no longer trusts CDCR doctors and seeks an interview with a non-CDCR mental health professional. Finally, plaintiff addresses statute of limitations and exhaustion issues.

With respect to plaintiff's motion for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

---

[1] Plaintiff also filed a motion to quash a subpoena and a related motion for a protective order. Defendants' oppositions to the motion for a protective order are due by the end of business today. Plaintiff's reply, if any, is due within twenty days of the service of defendants' oppositions. After this court receives any reply brief, or the time for filing that brief has expired, it will address plaintiff's motions.

2

1 common to most prisoners, such as lack of legal education and limited law library access, do not
2 establish exceptional circumstances that would warrant a request for voluntary assistance of
3 counsel.  While this court is sympathetic to the difficulties plaintiff faces, plaintiff has, thus far,
4 adequately litigated his case.  Further, no trial has been set in this matter.  Defendants have stated
5 that they intend to file a motion for summary judgment.  If any such motion is denied, this case
6 would then proceed to trial.  If this case does proceed to trial, this court will reconsider plaintiff's
7 request for the appointment of counsel.  At this time, this court does not find the required
8 exceptional circumstances.

9 　　　　With respect to plaintiff's request for mental health care, plaintiff is essentially seeking an
10 injunction requiring his current place of incarceration to provide him with care from a non-CDCR
11 mental health professional.  Plaintiff is incarcerated at California State Prison, Los Angeles.  This
12 case involves plaintiff's no-stairs chrono and medical care for related issues when he was
13 incarcerated at California State Prison, Sacramento.  This case does not, and may not, involve
14 plaintiff's complaints regarding the mental health care he is currently being provided because
15 those would be unrelated claims against different defendants.  See Fed. R. Civ. P. 20(a)(2).
16 "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be
17 joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants
18 belong in different suits."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. §
19 1915(g)).  Preliminary injunctive relief is appropriate when it is based on claims in the complaint
20 and seeks to require action by a party in the case.  Pacific Radiation Oncology, LLC v. Queen's
21 Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015). Because plaintiff's motion does not meet these
22 requirements, this court will recommend plaintiff's request for an interview with a non-CDCR
23 mental health provider be denied

24 　　　　With respect to plaintiff's arguments regarding the protection of his health information, as
25 stated above, this court will address those arguments after it has received all briefing on plaintiff's
26 motions to quash and for a protective order.  With respect to plaintiff's arguments regarding the
27 statute of limitations and exhaustion, plaintiff should raise those in his opposition to any motions
28 for summary judgment made by defendants.  They will not be addressed here.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 60) is denied.

Further, IT IS RECOMMENDED that plaintiff's motion for an interview with a non-CDCR mental health professional (ECF No. 60) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 16, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/R/holm1496.sch