UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELL C. HOLMES,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID BAUGHMAN, et al.,<br><br>    Defendants. | No.  2:20-cv-1496 KJM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action. Plaintiff alleges defendants were deliberately indifferent to his medical needs when they required him to use stairs despite having a "no stairs" chrono and he fell injuring his knee.  Before the court are plaintiff's February 28, 2022 motion to quash, plaintiff's April 14, 2022 motion for a protective order, and defendants' May 24, 2022 motion to take plaintiff's deposition by remote means.  In an order filed July 11, this court gave plaintiff additional time to file any reply briefs to his motions and a response to defendants' motion.  In a document filed July 27, plaintiff states that he wants a protective order and that he does not oppose defendants' motion to take his deposition by remote means.  In addition, plaintiff seeks the appointment of counsel.

**MOTION FOR PROTECTIVE ORDER/TO QUASH**

Plaintiff moves for a protective order and to quash a subpoena for his medical and mental health records.  (ECF Nos. 51, 58.)  Plaintiff states that he seeks to prevent strangers from having

1

access to information about his childhood trauma issues. He also asks the court to limit what defendants can see and prevent them from asking about his childhood issues. Plaintiff's focus is the protection of his mental health records.

Earlier, defendants brought a motion to dismiss this action because it is untimely. In response, plaintiff asserted that his mental health issues, among other things, caused him to be unable to comply with the statute of limitations. This court found plaintiff made a plausible showing that he may be entitled to equitable tolling in part on the grounds of his mental health. In order to meet the equitable tolling standard, plaintiff must show his mental illness rendered him "incapable of caring for [his] property or transacting business or understanding the nature or effects of [his] acts." Estate of Stern v. Tuscan Retreat, Inc., 725 F. App'x 518, 521 (9th Cir. 2018) (citation omitted).[1]

Plaintiff waived any privacy protections he has in his mental health records when he put his mental health at issue in this case. See Doe v. Marsh, 918 F. Supp. 580, 585 (N.D. N.Y.1996) (any constitutional rights to privacy in medical records is waived when the prisoner places his medical condition at issue in the lawsuit); Bell v. U.S. Dep't of Interior, No. 2:12-cv-01414 TLN EFB, 2013 WL 4482907, at *4 (E.D. Cal. Aug. 19, 2013) (common law privilege for psychotherapist/patient communications is waived when patient files a lawsuit in which specific psychiatric disorders are at issue); Heilman v. Vojkufka, No. CIV S-08-2788 KJM EFB, 2011 WL 677877, at *1 (E.D. Cal. Feb. 17, 2011) ("Plaintiff may not privately enforce any rights he may possess under HIPAA by obtaining an order prohibiting defendant from using his records."), rep. and reco. adopted, 2011 WL 3881023 (E.D. Cal. Sept. 2, 2011).

Plaintiff's mental health is unquestionably at issue in this case. That said, this court recognizes that plaintiff's mental health records may contain sensitive information that would be unnecessary to analysis of his equitable tolling argument. While this court will allow defendants

////

---

[1] Equitable tolling is a fact-based determination that must be decided in a motion for summary judgment rather than a motion to dismiss. Therefore, this court dismissed defendants' motion to dismiss and gave them leave to file a motion for summary judgment. (See ECF No. 46.)

2

access to plaintiff's records,[2] the protective order set out below limits defendants' use of those records to this case and requires defendants to limit any mental health-related information in their filings to only that information necessary to resolve the equitable tolling issue. Details about plaintiff's childhood and other background information that he has provided to health care professionals should not be included. If defendants feel such information is necessary to their argument on equitable tolling, they may make a motion to have the information made part of the record.

## MOTION TO TAKE DEPOSITION BY REMOTE MEANS

Defendants seek to take plaintiff's deposition by remote means due to the health risks of in-person depositions created by the COVID-19 pandemic. (ECF No. 65.) Defendants have demonstrated good cause to take plaintiff's deposition remotely. Plaintiff does not oppose the request. (See ECF No. 73.) It will be granted.

## MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel. (ECF No. 73.) He argues that because he is double-celled and has numerous boxes of legal materials, he has no space to work on his case. He further argues that his mental health is "about to snap."

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

---

[2] In fact, it appears that defendants already have obtained copies of plaintiff's medical record.

3

exceptional circumstances that would warrant a request for voluntary assistance of counsel. While the court is sympathetic to the difficulties plaintiff faces in litigating his case, the court does not find the required exceptional circumstances at this time.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that

1. Plaintiff's motions for a protective order and to quash (ECF Nos. 51, 58) are granted in part.  Defendants shall have access to plaintiff's medical and mental health records.  The access to plaintiff's mental health records is limited by the following protective order.

> <u>Protective Order</u>.  All mental health information defendants obtain from plaintiff's central file or other sources shall be used only for purposes of this litigation.  In filings, defendants shall limit the use of any information and supporting documentation that references plaintiff's mental health.  Defendants shall provide only the information necessary to the court's consideration of the issue of equitable tolling.  If defendants feel that information about plaintiff's childhood or other background information that plaintiff has provided to mental health providers is necessary to consideration of the equitable tolling issues, defendants shall move the court for an order permitting submission of that information.

2. Defendants' motion to take plaintiff's deposition by remote means (ECF No. 65) is granted.

3. Plaintiff's motion for the appointment of counsel (ECF No. 73) is denied.

Dated:  August 19, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB Prisoner Inbox/Civil Rights/S/holm1496.prot or