UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVELL C. HOLMES,

            Plaintiff,

    v.

DAVID BAUGHMAN, et al.,

            Defendants.

No.  2:20-cv-1496 DAD DB P

ORDER

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his medical needs when they required him to use stairs despite having a "no stairs" chrono and he fell injuring his knee.  Before the court are:  (1) defendant Soltanian's motion to compel plaintiff to respond to interrogatories, requests for production of documents, and requests for admissions; and (2) defendant Soltanian's requests for sanctions.  For the reasons set forth below, this court will grant defendant's motion to compel with respect to the requests for production of documents and reserve ruling on defendant's motion with respect to the interrogatories and requests for admissions until defendant provides additional information.  In addition, this court will deny defendant's motion for sanctions.

////

////

1

**BACKGROUND**

This case is proceeding on plaintiff's first amended complaint.  (ECF No. 16.)  On screening, this court found plaintiff sufficiently alleged claims that each defendant was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment.  (See ECF No. 18.)

Plaintiff alleges that in March 2017, he had knee replacement surgery.  He was then given a "no stairs" chrono.  Nonetheless, he was required to use stairs while at CSP-Sac.  At that time, plaintiff used a heavy walker.  Navigating the stairs required him to pick up the walker.  In July 2017, plaintiff fell down the stairs, injuring his right knee and shoulder.

Plaintiff alleges that each defendant was aware that he had a no stairs chrono but failed to take action to have him moved to a place where he would not be required to use stairs.

Defendants moved to dismiss this action on the grounds that it was filed outside the statute of limitations.  (ECF Nos. 35, 38.)  This court found plaintiff had adequately alleged that he may be entitled to equitable tolling of the statute based on his loss of legal property, lack of mental capacity, and/or lack of law library access due to prison shutdowns resulting from the COVID-19 pandemic.  Because consideration of those issues will require information outside the allegations in the pleadings, this court dismissed defendants' motion without prejudice to its renewal as a motion for summary judgment.  (ECF No. 46.)

In response to a subpoena for plaintiff's medical and mental health records, plaintiff filed motions to prevent disclosure of those records.  (ECF Nos. 51, 58.)  Defendants opposed those motions.  In an order filed August 22, 2022, this court granted in part plaintiff's motions.  This court held that plaintiff's health records are discoverable because they are relevant to the issue of equitable tolling.  Recognizing that those records may contain sensitive information, this court issued a protective order limiting defendants' use of plaintiff's health records.  (ECF No. 74.)

**MOTION TO COMPEL**

Defendant Soltanian moves to compel plaintiff to respond to interrogatories, requests for production of documents, and requests for admissions.  (ECF No. 78.)  Dr. Soltanian's counsel states that when plaintiff did not provide timely responses, counsel had a telephone conversation

2

1    with plaintiff in which plaintiff said he did not feel he was required to respond to discovery absent

2    a court order.  (See ECF No. 78-2.)

3          In response to the motion, plaintiff contends he has not failed to cooperate in discovery

4    but his mental health and living conditions have made it difficult to litigate this case.  (ECF No.

5    81.)  Plaintiff attaches a copy of a signed release of his medical records to Dr. Soltanian's

6    counsel.  However, as defendant's counsel points out, the release is not useful because plaintiff

7    limited it to one day.  (See ECF No. 81 at 4-5.)  Plaintiff also attaches a copy of his bed

8    assignments from about 2007 through February 2021 (id. at 7-13) and responses to interrogatories

9    (id. at 15-20).

10         In a reply brief, Dr. Soltanian notes that plaintiff failed to provide responses for, or

11   documents responsive to, the 25 document production requests.  Soltanian also complains that

12   plaintiff's interrogatory responses are unverified and that they "lack substance."  Soltanian then

13   describes the inadequacies of a few responses.  (ECF No. 82.)

14         On December 5, 2022, plaintiff filed a document entitled "Response to Defendant

15   Soltanian's Request for Admissions."  It appears to be a response to 31 requests for admissions.

16   (ECF No. 84.)

17   **I. Legal Standards for Motion to Compel**

18         Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

19   move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.

20   37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

21   incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have

22   'broad discretion to manage discovery and to control the course of litigation under Federal Rule

23   of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

24   Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

25         The party moving to compel bears the burden of informing the court (1) which discovery

26   requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why

27   the party believes the response is deficient, (4) why any objections are not justified, and (5) why

28   the information sought through discovery is relevant to the prosecution of this action.  McCoy v.

3

1   Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v.

2   Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

3           The purpose of discovery is to "remove surprise from trial preparation so the parties can

4   obtain evidence necessary to evaluate and resolve their dispute."  United States v. Chapman

5   Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).  Rule 26(b)(1) of

6   the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

7           Parties   may   obtain   discovery   regarding   any   nonprivileged
            information that is relevant to any party's claim or defense and
8           proportional to the needs of the case, considering the importance of
            the issues at stake in the action, the amount in controversy, the
9           parties' relative access to relevant information, the parties' resources,
            the importance of the discovery in resolving the issues, and whether
10          the burden or expense of the proposed discovery outweighs its likely
            benefit. Information within this scope of discovery need not be
11          admissible in evidence to be discoverable.

12  "Relevance for purposes of discovery is defined very broadly."  Garneau v. City of Seattle, 147

13  F.3d 802, 812 (9th Cir. 1998).  "The party seeking to compel discovery has the burden of

14  establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the

15  party opposing discovery has the burden of showing that the discovery should be prohibited, and

16  the burden of clarifying, explaining or supporting its objections."  Bryant v. Ochoa, No. 07cv200

17  JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

18  **II.  Discussion**

19          Plaintiff has waived any objection to discovery by failing to provide timely responses.

20  See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (a party

21  who failed to timely object to interrogatories and document production requests waived any

22  objections).  That said, this court will not require plaintiff to respond to discovery that is not

23  relevant to the issues raised by the motion to dismiss or plaintiff's claims.

24          **A.  Request for Production of Documents**

25          Defendant alleges that plaintiff has failed to either respond to his request for production of

26  documents or provide any responsive documents.  This court has reviewed defendant Soltanian's

27  document production request (ECF No. 78-4).  The request seeks documents relevant to this

28  action.  Plaintiff appears to have intended to respond to some requests by providing Soltanian

1   with copies of plaintiff's medical records.  However, plaintiff made an error in filling out the

2   dates on the form.  Plaintiff will be ordered to complete a new waiver form to permit Soltanian's

3   counsel to obtain copies of plaintiff's medical records.  Those medical records should provide

4   Soltanian with responses to document production request nos. 4 and 5.

5        Plaintiff must respond to the remaining document production requests.  He must copy

6   each request and then write a response.  In that response, plaintiff must inform Soltanian whether

7   or not he has documents in his possession or control that are responsive to that request.  If

8   plaintiff does have any such documents, he must describe the documents and provide Soltanian

9   with copies of the documents.  Plaintiff must then sign the response.

10       **B. Interrogatories**

11       This court has reviewed the interrogatories propounded by Dr. Soltanian and finds that

12  they seek information relevant to this action.  (See ECF No. 78-3.)  Plaintiff has failed to verify

13  the interrogatory answers as required by Federal Rule of Civil Procedure 33(b)(3).  Plaintiff will

14  be ordered to verify his responses when he provides Dr. Soltanian with new responses.  Plaintiff

15  is advised that the verification should precede his signature at the end of the interrogatories and

16  should state:  "I hereby certify that the foregoing answers are true and correct to the best of my

17  knowledge and belief."

18       Dr. Soltanian states plaintiff's interrogatory responses "lack substance."  This is

19  insufficiently specific.  Dr. Soltanian must explain the inadequacies in each interrogatory

20  response so that any amended responses ordered by the court address those problems.  Dr.

21  Soltanian will be ordered to provide an explanation why each response is inadequate.

22       **C. Request for Admissions**

23       Plaintiff filed a response to Dr. Soltanian's request for admissions.  (ECF No. 84.)  This

24  court is unable to determine the relevance of defendant's requests because he did not attach a

25  copy of the requests for admissions to his motion.  That said, it appears that plaintiff has

26  attempted to respond to the requests.  Because that response is late, Dr. Soltanian will be

27  permitted to inform the court if he finds any of the responses inadequate.

28  ////

5

1     **SANCTIONS**

2          Defendant Soltanian asks the court to impose sanctions against plaintiff in the amount of

3    $687.50 for counsel's charges to litigate the motion to compel.  Counsel explains that during a

4    telephone conference with plaintiff regarding the discovery, plaintiff stated that he did not need to

5    respond absent a court order.  (ECF No. 78-2.)  Plaintiff's refusal to provide responses

6    necessitated this motion.

7          Plaintiff contends he has not refused to comply with discovery.  He argues that he is

8    hampered by his mental health issues and that he lacked full access to his legal documents after

9    his cell flooded and due to a power outage.  (ECF No. 81.)

10         Federal Rule of Civil Procedure 37(d) authorizes the court to issue sanctions when a party

11   fails to serve answers to properly served interrogatories or requests for inspection of documents.

12   Fed. R. Civ. P. 37(d)(1)(A).  The court may impose a broad range of sanctions, including

13   "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or

14   from introducing designated matters into evidence," "staying further proceedings" until the party

15   has complied with discovery requirements, and "dismissing the action or proceeding in whole or

16   in part."  Fed. R. Civ. P. 37(d)(3) (incorporating sanctions from Fed. R. Civ. Proc. 37(b)(2)(A)(i)-

17   (vi)); see also, e.g., Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983)

18   ("Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a

19   wide range of sanctions when a party fails to comply with the rules of discovery." (internal

20   citations omitted)).  The court may also order the disobedient party to pay the moving party the

21   cost of making a motion to compel.  Fed. R. Civ. P. 37(d)(3).

22         Plaintiff is proceeding pro se, and this court is mindful of precedent directing lenience in

23   the interpretation of plaintiff's filings.  The pleadings of pro se litigants are held to "less stringent

24   standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520

25   (1972).  Such lenience is important in a civil rights case, where "the court must construe the

26   pleadings liberally and afford the plaintiff the benefit of any doubt."  Karim-Panahi v. L.A. Police

27   Dep't, 839 F.2d 621, 623 (9th Cir. 1988); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th

28   Cir. 1992) (The rule of liberal construction is "particularly important in civil rights cases.").

1    Nevertheless, while courts construe pleadings liberally in favor of pro se litigants, pro se plaintiffs

2    remain bound by the applicable procedural rules.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.

3    1995).  "A party's lack of counsel may be considered in evaluating the willfulness of discovery

4    violations and the failure to obey orders and in weighing the other factors regarding dismissal, but

5    pro se status does not excuse intentional noncompliance with discovery rules and court orders."

6    Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (collecting cases).

7         Based on plaintiff's pro se status, his mental health issues, and his recent attempts to

8    provide defendant with some discovery responses, this court will not order sanctions.  However,

9    plaintiff is warned that he must fully comply with this court's orders compelling him to provide

10    Dr. Soltanian with further discovery responses.  If plaintiff fails to do so, this court may order

11    plaintiff to pay defendant Soltanian for the costs of making the motion to compel.

12         For the foregoing reasons, IT IS HEREBY ORDERED as follows:

13         1.  Defendant Soltanian's motion to compel (ECF No. 78) is granted with respect to the

14    requests for production of documents.  Within thirty days of the filed date of this order, plaintiff

15    shall provide Soltanian with responses and with all responsive documents to the requests as

16    described above.

17         2.  Within fifteen days after he receives plaintiff's response to the request for production

18    of documents, defendant Soltanian shall file a brief explaining any disputes he has with plaintiff's

19    interrogatory answers, responses to the requests for admissions, and responses to the document

20    production requests.  If he challenges the responses to the requests for admissions, defendant shall

21    include a copy of those requests.

22    ////

23    ////

24    ////

25    ////

26    ////

27    ////

28    ////

7

3. After receipt of defendant's brief, this court will consider whether it requires further briefing from plaintiff and, if it does not, will rule on the outstanding issues in defendant Soltanian's motion to compel.

4. Defendant Soltanian's request for sanctions (ECF No. 78) is denied.

Dated: January 11, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/holm1496.solt mtc

8