UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELL C. HOLMES, | No. 2:20-cv-1496 DAD DB P |
| Plaintiff, | |
| v. | ORDER |
| DAVID BAUGHMAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his medical needs when they required him to use stairs despite having a "no stairs" chrono and he fell injuring his knee. Pending before the court are defendant Soltanian's motion for sanctions and plaintiff's motions for an extension of time and for clarification of his payment of court fees.

This court set out the background of this case in a January 12, 2023 order. Briefly, and relevant to the pending motions, defendant Soltanian propounded discovery to plaintiff in July 2022. When plaintiff did not respond, Soltanian filed a motion to compel and for sanctions in September 2022. On January 12, 2023, this court granted Soltanian's motion to compel and denied the motion for sanctions. Plaintiff was ordered to provide Soltanian with the new and revised discovery responses within thirty days. In addition, this court gave plaintiff the following warning: "[P]laintiff is warned that he must fully comply with this court's orders compelling him

1

1   to provide Dr. Soltanian with further discovery responses.  If plaintiff fails to do so, this court
2   may order plaintiff to pay defendant Soltanian for the costs of making the motion to compel."
3   (ECF No. 86 at 7.)

4   On March 14, Soltanian filed the present motion for sanctions.  Soltanian states that
5   plaintiff has failed to comply with the January 12 order in any respect.  Soltanian seeks dismissal
6   of this case as a sanction or, in the alternative, payment of the attorney fees for being forced to,
7   again, move for plaintiff's compliance with rules and court orders.

8   Local Rule 230(l) requires a response to a motion within 21 days.  Plaintiff did not file a
9   timely opposition to Soltanian's motion.  Rather, in a document plaintiff submitted to prison
10  authorities for mailing on April 24, and filed here on May 1, plaintiff seeks a number of things,
11  including a significant extension of time to respond to Soltanian's motion.

12  As far as this court can tell, plaintiff seeks the following in his May 1 filing:  (1) a 180-
13  day extension of time, apparently to respond to Soltanian's motion and possibly to comply with
14  the court's January 12 order; (2) an explanation of the payments being withdrawn for his three
15  pending actions in the Eastern District; (3) collection of his fees by the court, rather than by
16  CDCR; and (4) directions for payment of his court fees by his wife.

17  Plaintiff provides a long explanation for his request for an extension of time.  Plaintiff
18  states that many of his legal materials have been lost, damaged, or destroyed.  He claims that he
19  cannot keep his materials protected from the rain.  In addition, plaintiff states that he has
20  significant mental health problems that keep him from being able to manage this case and that
21  those problems have been exacerbated by changes in medication and being forced to share a cell.

22  This court is extremely concerned about plaintiff's failure to prosecute this case.  Plaintiff
23  did not respond to Soltanian's discovery until Soltanian filed a motion to compel and sought
24  sanctions.  Similarly, plaintiff did not comply with the court's January 12 order, nor did he seek
25  any extensions of time or otherwise prosecute this case until well after Soltanian filed his present
26  motion.  However, this court is also concerned about plaintiff's statements that he is unable to
27  keep his legal materials from being damaged by rain.  Before ruling on plaintiff's motion for an
28  extension of time or Soltanian's motion for sanctions, this court will request a report from the

1  litigation coordinator at Salinas Valley State Prison about the status and storage of plaintiff's
2  legal materials.
3  　　　　This court next addresses plaintiff's concerns regarding the payment of filing fees.  First,
4  plaintiff is advised that he is obligated to pay the $350 filing fee for <u>each</u> case he has filed in this
5  court.  Regardless of how payment of the fees is classified in his prison account, he must pay the
6  fee for both the present case and for case no. 2:22-cv-1271 CKD.  The court issued orders in both
7  cases requiring those payments.
8  　　　　Second, this court understands plaintiff's concern that his mother has sent him money to
9  use in the canteen, not to pay his restitution or filing fees.  However, CDCR is required by statute
10 to make appropriate deductions from plaintiff's account, regardless of the source of the funds in
11 that account, on a monthly basis and submit that money to the court towards the payment of
12 plaintiff's filing fee.  28 U.S.C. §1915(b).  Plaintiff fails to show that CDCR is not complying
13 with the court orders or with the statute.
14 　　　　With respect to plaintiff's request that his wife be permitted to pay down his filing fees,
15 plaintiff is advised that she may do so.  However, if she does not pay the entire remaining
16 balance, deductions will continue to be made from plaintiff's trust account until the full fee is
17 paid.  The court will not, as plaintiff appears to request, enter into a payment plan with any of
18 plaintiff's family members.  As described above, CDCR has been complying with the court's
19 orders and with the statutory requirements for plaintiff's payment of court fees.
20 　　　　The following steps must be taken if a family member, or other person, wishes to make
21 payments toward plaintiff's filing fees:
22 　　　　1. The family member should contact the Financial Office of this court to determine the
23 current balance owing on a specific case.  The family member must have the case number.  The
24 Financial Office can be reached by email at financial@caed.uscourts.gov or by phone at (916)
25 930-4866.
26 　　　　2. The family member can mail a personal check, cashier check, or money order.  The
27 check or money order should be made out to "U.S. District Court."  The mailing address is U.S.
28 ////

District Court, 501 "I" Street, Suite 4-200, Sacramento, CA 95814.  The family member may also come to the courthouse and pay by credit card.

    3.  The family member should ask the court to send an updated payment record to plaintiff.  Plaintiff must then provide it to the prison to show his remaining balance, if any.

    For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

    1.  The Deputy Attorney General assigned to this case shall contact the litigation coordinator at Salinas Valley State Prison to obtain information about the status of plaintiff's legal materials and whether they are being stored in a way that causes them to be damaged by rain.  Within twenty days of the filed date of this order, the Deputy Attorney General shall file a declaration from the litigation coordinator regarding that information.

    2.  Plaintiff's request (ECF No. 89) to stop CDCR from deducting from his prison account the payments for his filing fees in the present case is denied.

Dated:  June 8, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/holm1496.fees