UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVELL C. HOLMES,

Plaintiff,

v.

DAVID BAUGHMAN, et al.,

Defendants.

No. 2:20-cv-1496 DAD DB P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his medical needs when they required him to use stairs despite having a "no stairs chrono" and he fell injuring his knee. Before the court is defendant Soltanian's motion for terminating sanctions. For the reasons set forth below, this court recommends Soltanian's motion be granted and Soltanian be dismissed from this action.

**BACKGROUND**

This case is proceeding on plaintiff's first amended complaint. (ECF No. 16.) On screening, this court found plaintiff sufficiently alleged claims that each defendant was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. (ECF No. 18.)

////

Plaintiff alleges that in March 2017 he had knee replacement surgery. He was then given a "no stairs chrono.[1]" Nonetheless, he was required to use stairs while at CSP-Sac. At that time, plaintiff used a heavy walker. Navigating the stairs required him to pick up the walker. In July 2017, plaintiff fell down the stairs, injuring his right knee and shoulder.

Plaintiff alleges that each defendant was aware that he had a no stairs chrono but failed to take action to have him moved to a place where he would not be required to use stairs.

Defendants moved to dismiss this case on the grounds that it was filed outside the statute of limitations. (ECF Nos. 35, 38.) This court found plaintiff had adequately alleged that he may be entitled to equitable tolling of the statute based on his loss of legal property, lack of mental capacity, and/or lack of law library access due to prison shutdowns resulting from the COVID-19 pandemic. Because consideration of those issues will require information outside the allegations in the pleadings, this court dismissed defendants' motion without prejudice to its renewal as a motion for summary judgment. (ECF No. 46.)

In response to a subpoena for plaintiff's medical and mental health records, plaintiff filed motions to prevent disclosure of those records. (ECF Nos. 51, 58.) Defendants opposed those motions. In an order filed August 22, 2022, this court granted in part plaintiff's motions. This court held that plaintiff's health records are discoverable because they are relevant to the issue of equitable tolling. Recognizing that those records may contain sensitive information, this court issued a protective order limiting defendants' use of plaintiff's health records. (ECF No. 74.)

On September 13, 2022, defendant Soltanian moved to compel plaintiff to respond to interrogatories and requests for production of documents. Soltanian also asked the court to sanction plaintiff for the failure to respond to discovery. (ECF No. 78.) In response to the motion, plaintiff provided unverified interrogatory responses, an ineffectual release of his medical

////

[1] A medical "chrono" is a recommendation, usually related to an inmate's medical condition or course of treatment, issued by a prison physician. See e.g., Cal. Code Regs. tit. 15, § 3043.5(d) (describing the medical chrono also known as "Form 128-C"); see generally Cal. Code Regs. tit. 15, § 3000 (defining "general chrono" written on CDC Form 128–B "which is used to document information about inmates and inmate behavior").

records, and one category of documents. (ECF No. 81.) Later, plaintiff filed responses to Soltanian's requests for admissions. (ECF No. 84.)

In an order filed January 12, 2023, this court granted Soltanian's motion to compel responses to the document production request and delayed ruling on the other discovery issues. (ECF No. 86.) This court denied the motion for sanctions but warned plaintiff that "he must fully comply with this court's orders compelling him to provide Dr. Soltanian with further discovery responses. If plaintiff fails to do so, this court may order plaintiff to pay defendant Soltanian for the costs of making the motion to compel."

On March 14, 2023, Soltanian filed the present motion for terminating sanctions. (ECF No. 88.) In a document filed here on May 1, plaintiff requested a 180-day extension of time to respond to the motion. In an order filed August 11, this court noted that plaintiff had had almost five months to respond to Soltanian's March 14 motion. (ECF No. 92.) Plaintiff was ordered to file a response to defendant Soltanian's March 14 motion for sanctions within thirty days. Plaintiff was warned that if he failed to file a timely response, "this court will impose sanctions." The order set out the sanctions that could be imposed if plaintiff failed to respond: "monetary sanctions, dismissal of defendant Soltanian, or dismissal of this entire action."

## MOTION FOR SANCTIONS

Defendant Soltanian moves for terminating sanctions for plaintiff's failure to comply with discovery and court orders. Based on plaintiff's delays and failures to respond, this court finds termination of plaintiff's claims against defendant Soltanian warranted.

### I. Legal Standards

Federal Rule of Civil Procedure 37(d) authorizes the court to issue sanctions when a party fails to serve answers to properly served interrogatories or requests for inspection of documents. Fed. R. Civ. P. 37(d)(1)(A). Rule 37(b) authorizes sanctions for noncompliance with a discovery order. Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D. Cal. 2014) ("[W]here a party's noncompliance with a discovery order is the asserted basis for dismissal as a sanction, the court must employ the discovery-specific Rule 37 rather than relying on Rule 41(b)."). The court may impose the same broad range of sanctions under subsections (b) or (d), including "prohibiting the

disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence," "staying further proceedings" until the party has complied with discovery requirements, and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d)(3) (citing Rule 37(b)(2)(A)); Fed. R. Civ. P. 37(b)(2)(A); see also, e.g., Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) ("Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery." (internal citations omitted)).

The threshold requirement for terminating sanctions under Rule 37(b) is that the conduct has been intentional. See In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (dismissal under Rule 37(b) requires a threshold showing that the violation is due to willfulness, bad faith, or fault of the non-moving party). Where this requirement is met, the Ninth Circuit employs a "five-part test, with three subparts to the fifth part" to determine whether a terminating sanction under Rule 37(b)(2) is just:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (footnotes omitted). "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." Id.

As this court has recognized previously, as a pro se litigant plaintiff is entitled to some lenience. Nevertheless, he is bound by the rules and this court's orders.. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). "A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey orders and in weighing the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance with discovery rules and court orders." Sanchez, 298 F.R.D. at 470 (collecting cases).

////

## II. Discussion

### A. Willfulness

Soltanian served discovery on plaintiff on July 14, 2022. (See ECF No. 78-1 at 2.) As set out in the Discovery and Scheduling Order, plaintiff's responses were due 45 days later, on August 29, 2022. (ECF No. 64.) Plaintiff failed to provide any timely responses or seek an extension of time to do so. Soltanian's counsel spoke to plaintiff by video conference on September 12. According to counsel, plaintiff said he did not need to respond to discovery absent a court order. (ECF No. 78-2 at 2.) Soltanian then filed a motion to compel on September 13, 2022. (ECF No. 78.)

In a document filed October 25, 2022, plaintiff informed the court that he had been suffering from depression and was uncertain what he was supposed to be doing. On October 31, this court ordered Soltanian to re-serve the motion to compel and gave plaintiff additional time to file a response. On November 18, plaintiff filed a response to the motion. (ECF No. 81.) Plaintiff stated that he had not refused to comply with discovery and blamed his failures on mental health problems, exacerbated by this living conditions. Plaintiff attached: (1) a copy of a medical release form that he dated incorrectly and defendant was unable to use it; (2) copies of his bed assignments for several years; and (3) unverified responses to Soltanian's interrogatories. After Soltanian filed a reply brief, plaintiff filed responses to Soltanian's requests for admissions on December 9. (ECF No. 84.)

In the January 12, 2023 order, this court granted Soltanian's motion to compel responses to the request for production of documents. (ECF No. 86.) Plaintiff was ordered to provide Soltanian with those responses and documents within thirty days of the date of the order. This court then gave Soltanian the opportunity to make a new motion to compel if necessary to challenge the responses to the document production requests and to specify any challenges to the late responses to interrogatories and requests for admissions. This court denied Soltanian's motion for sanctions. However, this court warned plaintiff that "he must fully comply with this court's orders compelling him to provide Dr. Soltanian with further discovery responses. If

////

plaintiff fails to do so, this court may order plaintiff to pay defendant Soltanian for the costs of making the motion to compel."

When plaintiff failed to respond to the court's January 12 order by providing Soltanian with the discovery or seeking an extension of time, Soltanian filed the present motion for sanctions on March 14. (ECF No. 88.) In a document filed here on May 1, plaintiff requested a 180-day extension of time to respond to the motion. Among other things, plaintiff stated that he was unable to keep his legal materials from being damaged by rain and that some have been lost. Before ruling on plaintiff's request for an extension of time, this court ordered defendants' counsel to inquire about the storage of plaintiff's legal materials. (See ECF No. 90 at 2-3.) In their response, filed June 29, defendants submitted a statement from prison staff that none of plaintiff's materials have been damaged and that plaintiff has access to them upon request. (ECF No. 91.)

In an order filed August 11, this court noted that plaintiff had not contradicted defendants' statements regarding the availability of his materials and that, at that point, plaintiff had had almost five months to respond to Soltanian's March 14 motion. (ECF No. 92.) Plaintiff was ordered to file a response to defendant Soltanian's March 14 motion for sanctions within thirty days. Plaintiff was warned that if he failed to file a timely response, "this court will impose sanctions." The order set out the sanctions that could be imposed if plaintiff failed to respond: "monetary sanctions, dismissal of defendant Soltanian, or dismissal of this entire action."

As this timeline shows, plaintiff has had well over a year to provide defendant Soltanian with discovery responses. Soltanian was forced to make a motion to compel, which resulted in plaintiff providing some of the discovery responses. However, when the court ordered plaintiff to provide Soltanian with responses to the document production requests, plaintiff did nothing. Soltanian was again required to file a motion. Only then did plaintiff seek an extension of time. And, when the court gave plaintiff an absolute deadline to respond to Soltanian's motion, the response, due by September 13, was not, and has not been, filed.

This court has sympathy for plaintiff. He appears to be struggling with mental health problems that, in addition to his incarcerated status, have undoubtedly made litigating this case

more difficult. That said, plaintiff has had an extraordinary amount of time to comply with discovery and with this court's discovery orders. He has consistently failed to do so in a timely manner or at all. Moreover, while plaintiff states that he does not understand the legal proceedings, he has been able to articulate his positions with reasonable clarity in many of his filings. This court finds plaintiff has willfully refused to comply with discovery and this court's discovery orders.

**B. The Five-Factor Test**

First, the public's interest in expeditious resolution of litigation has been thwarted by plaintiff's failure to properly participate in discovery propounded by defendant Soltanian. Plaintiff's failure to respond to the discovery and related motions and orders in a timely manner or at all has prevented this case from advancing out of the discovery phase, which was originally scheduled to end in September 2022, over a year ago. (See Disc. and Sch. Order (ECF No. 64).)

Second, the court's need to manage its docket also weighs in favor of dismissing defendant Soltanian. This case has been stalled for too long. It has required the court's attention and effort for the sole purpose of trying to encourage plaintiff's participation in his own lawsuit – mostly to no avail. Especially in such a burdened court,[2] the interests of judicial economy weigh strongly in favor of dismissing Soltanian so that the case may proceed on plaintiff's claims against the remaining defendants.[3] Further investment of judicial resources in plaintiff's claims against Soltanian, which plaintiff has failed to properly pursue, is not justifiable. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (giving significant weight to considerations of judicial economy).

---

[2] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2022 Annual Report, "Workload Statistics," p. 35 (2022) ("[O]ur weighted caseload far exceeds the national average ... ranking us eighth in the nation and second in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 202[2] Biennial Judgeship Survey recommended preliminary request for four additional permanent judgeships for Eastern District of California).

[3] There have been no discovery disputes between plaintiff and those other defendants since May 2022.

Third, the risk of prejudice to defendant Soltanian is high because he cannot fairly defend against plaintiff's claims without knowing the evidence plaintiff intends to present. Plaintiff's actions impair Soltanian's ability to go to trial and threaten to interfere with the rightful decision of the case. See In re Phenylpropoanolamine Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006). It is fundamentally unfair for Soltanian to remain involuntarily engaged in litigation that plaintiff is not moving forward to conclusion.

Fourth, the public policy favoring disposition of cases on their merits weighs against dismissal. Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999). Here, however, this factor carries little weight in light of plaintiff's record of significant delay and non-involvement in his own case. See Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (policy favoring merits adjudication is not, without more, sufficient to outweigh other factors).

Fifth, this court finds the imposition of sanctions short of dismissal are highly unlikely to encourage plaintiff's compliance with discovery and orders. This court first threatened monetary sanctions. However, as many courts have recognized, "because plaintiff is proceeding in forma pauperis due to documented indigency, plaintiff would be unable to pay a monetary sanction and the imposition of such a sanction would be futile as a means of inducing him to comply with this Court's discovery orders." Sanchez, 298 F.R.D. at 466 (citing Kindred v. Doe, No. SACV 12-1996-ABC (RNB), 2014 WL 793095, *3 (C.D. Cal. Feb. 26, 2014)); see also Henderson v. LOR, No. 2:16-cv-2833 TLN AC P, 2019 WL 541014, at *3 (E.D. Cal. Feb. 11, 2019); Berna v. Powell, No. 1:15-cv-0283 AWI EPG, 2016 WL 6693505, at *4 (E.D. Cal. Nov. 14, 2016).

In the August 11 order, this court warned plaintiff that sanctions for his failure to timely respond to Soltanian's motion could include dismissal of Soltanian from this action or dismissal of the entire case. Neither the threat of monetary sanctions or dismissal has caused plaintiff to prosecute this case. The fifth factor thus supports the issuance of terminating sanctions.

**III. Conclusion**

The history of this case shows that plaintiff has willfully failed to respond in a timely manner or at all to discovery properly propounded by defendant Soltanian or to this court's

////

discovery orders. Considering the five factors set out above, dismissal of defendant Soltanian is appropriate under Rules 37(b) and 37(d).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that

1. Defendant Soltanian's motion for sanctions (ECF No. 88) be granted; and

2. Defendant Soltanian be dismissed from this action with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 18, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/holm1496.solt mtc